UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-24798-CIV-MORENO

DISABILITY ADVOCATES AND
COUNSELING GROUP, INC.,

    Plaintiff,

vs.

RACETRAC PETROLEUM, INC.,

    Defendant.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

THIS CAUSE came before the Court upon Plaintiff's Response to Order to Show Cause **(D.E. 8)**, filed on **February 13, 2018**.

THE COURT has considered the response, the pertinent portions of the record, and the last recorded date of various proceedings. Plaintiff filed the Complaint on **November 16, 2018**. As of February 4, 2019, Plaintiff had not filed a return of service and so the Court issued an Order to Show Cause why the Complaint had not been served in compliance with Federal Rule of Civil Procedure 4(m). Plaintiff's response to the Order to Show Cause argues—without citation to authority—that good cause exists to extend the service deadline because the parties have been attempting in good faith to settle the matter "with as few resources as possible being spent on litigation." **(D.E. 8.)** But this reason for extending the service deadline stands at odds with Eleventh Circuit precedent establishing that good cause exists for failing to serve within 90 days "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (*per curiam*)).

It appears Plaintiff is asking the Court to simply ignore the service of process requirements imposed by Rule 4 simply because Defendant has knowledge of the lawsuit, the Parties have been negotiating a settlement, and the Parties want to minimize litigation expenses. The Court finds these reasons do not constitute good cause.

First, "[a] defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*) (citing *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991)). Second, spending "as few resources as possible . . . on litigation" is a particularly perplexing reason to support a showing of good cause to dispense with Rule 4's service requirements when one compares the cost of effectuating service, with the cost of attorneys' fees for settlement negotiations that began in May 2018—nearly 6 months before the Complaint was filed, and which have accumulated for over 9 months. (D.E. 8 at 1.) If litigation expenses were a legitimate concern, the Parties could have dispensed with these costs by waiving service—which should not have been an issue if the Parties were engaged in "good faith" negotiations. *Id.*; Fed. R. Civ. P. 4(d) ("An individual, corporation, or association that is subject to service under Rule 4 . . . has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons."). And waiving service, even in February right before the service deadline, would have given the Parties additional time to exchange and finalize any potential settlement agreement. Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent . . . ."). Finally, Plaintiff does not ask the Court for additional time to serve the Complaint because the Parties are in the midst of finalizing a settlement. To the contrary, Plaintiff asserts "there is no assurance a final agreement will be reached." (D.E. 8 at 1.) For the foregoing reasons, the Court finds Defendant

2

has not been timely served with process because of Plaintiff's inadvertence or negligence, and not for good cause.

Under Rule 4(m), the Court has discretion "to extend the time for service of process even in the absence of a showing of good cause," *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005), such as "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service" *Melton v. Wiley*, 262 Fed. App'x. 921, 923–24 (11th Cir. 2008) (quoting *Horenkamp*, 402 F.3d at 1132–33). Here, the circumstances do not warrant exercising discretion to ignore Rule 4's service requirements. Plaintiff's response does not suggest the statute of limitations will run on the alleged claims or that Defendant has concealed a defect in attempted service. Nor does Plaintiff's response suggest Defendant is evading service; after all the parties have been negotiating settlement for nearly 9 months already. Despite all of this, Plaintiff's request for an extension (of an undefined amount) of time comes the day before the service deadline and only after the Court issued an Order to Show Cause.

To date, still, Plaintiff has not filed return of service. Therefore, it is

**ADJUDGED** that this case is **DISMISSED** without prejudice for failure to serve the complaint in compliance with Federal Rule of Civil Procedure 4(m). Because the case is dismissed *without* prejudice, Plaintiff may refile the case and pay the required filing fee. The Clerk of Court shall mark this case as **CLOSED** and **DENY** all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19 of February 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE